**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Deborah J. Piazza, as chapter 7 trustee of the Orly Genger estate, Orly Genger, Arie Genger, David Broser, and ADBG LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>Dalia Genger, Sagi Genger, Michael Oldner, Elana Genger, Manhattan Safety Maine, Inc., Recovery Effort, Inc., Robin Rodriguez, D&K GP LLC, TPR Investment Associates, Inc., The Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between Arie Genger, as Grantor, and Lawrence M. Small and Sash A. Spencer, as Trustees, John Dellaportas, David Parnes, and John and Jane Does 1 through 10,<br><br>      Defendants. | **Chapter 7**<br><br>**Main Case No. 19-13895 (JLG)**<br><br>**Adv. Proc. 22-01106-jlg** |

**REPLY IN SUPPORT OF ORLY GENGER'S**
**<u>MOTION TO DISMISS COUNTERCLAIMS</u>**

   Plaintiff/Counterclaim-Defendant Orly Genger submits this reply to defendant John Dellaportas' opposition (Doc. 28) to her motion to dismiss the counterclaims (Doc. 18, cited herein at "Mot.").

<b><u>PRELIMINARY STATEMENT</u></b>

   Dellaportas' opposition ignores the law that bars his counterclaims. Because he has no answer – and cites no legal authorities in his favor – his opposition only confirms that his counterclaims against Orly must be dismissed with prejudice as a matter of law (as they must be dismissed with prejudice as against Bowen, whose counsel is submitting a reply on his behalf).

Dellaportas nowhere disputes in his opposition that the claims with which he takes issue are material and pertinent to Orly's Complaint. He does not (and cannot) dispute that he issued and failed to disclose the secret subpoena to the investigator so that the investigator could use it, as he did, as a *faux* "defense" in Israel. Nor does he dispute (because he cannot) that Orly nonetheless prevailed in obtaining an Israeli civil judgment against the investigator. Because each of the statements in the Complaint concerning him are material and pertinent to her legally cognizable causes of action against him, her allegations are absolutely protected by the litigation privilege.

Dellaportas relies solely on his claim that the underlying action is a "sham" only because Orly and other parties, including Dellaportas' co-defendants, agreed to a temporary stay of the action. But he, again, ignores the law. The courts that have applied the "sham" exception to the privilege due to delay have done so only where the delay was both substantial, sometimes for years, and unexplained. Here, where the case is at the pleading stage and no initial preliminary conference has been held, those very cases compel the conclusion that the underlying claims against Dellaportas – which are well-pled and in large part undisputed by Dellaportas – are not a sham and the sham exception cannot apply here.

His claim that Orly defaulted on his discovery requests and in response to his letter request for an order compelling discovery is proven false – yet again – by the law and undisputed facts in the record. As Orly pointed out in her opposition to Dellaportas' letter request, his discovery demands are a nullity under Rule 26(d) of the federal rules, which imposes a moratorium on discovery before the initial preliminary conference required by that rule. *See* OG Letter, dated November 28, 2022 (Doc. 30). She had no obligation to respond to his improper

2

and nullified "discovery demand" or his "demand" to meet and confer when no such initial preliminary conference has been held or even sought by any party.

For those very reasons, the absolute litigation privilege mandates dismissal of the counterclaims in their entirety and with prejudice.

## ARGUMENT

### I. NO BASIS FOR THE SHAM EXCEPTION EXISTS

Dellaportas concedes, by his silence, that the absolute litigation privilege applies here to bar his counterclaims as a matter of law, unless the sham exception applies. Mot. at 9-14. He argues – citing to no case law – that that exception should apply here solely because Orly delayed prosecution of the underlying action by joining in a request with Dellaportas' own co-defendants for a temporary stay, a request that is *sub judice*. He is wrong. And his failure even to address the case law is decisive.

As discussed in Orly's motion, the courts have held that a substantial delay in prosecution may indicate that the underlying action is a sham, *i.e.*, the action was brought solely to defame rather than to vindicate a legitimate legal claim. But in those cases, the delay was both many years and inexplicable. *See* Mot. at 13-14 (discussing cases). For example, in *Flomenhaft v. Finkelstein*, 127 A.D.3d 634, 638 (1st Dep't 2015) – the only case cited by Dellaportas – the exception applied due to delay because the plaintiffs in the underlying action in that case "*never*" prosecuted the case. In that case, the court noted that defendant was unable to provide any record of any effort to prosecute the underlying action by seeking court intervention or conducting discovery. *Id.* at 638. That is not true here. In *Halperin v. Salvan*, 117 A.D.2d 544, 545 (1st Dep't 1986), the precedent cited in *Flomenhaft*, the sham exception was applied because after "two years" no preliminary matters had been addressed in the underlying class action and

3

some of the defendants had not even been served a summons.  That is not true here.  All defendants were served promptly and most of them – with the exception of Dellaportas – discussed case management shortly after service and made a joint application with Orly and the other plaintiffs for a temporary stay.

That joint application itself sets forth the considerations of judicial economy that the parties submit warrant the brief stay until the Court decides multiple pending motions, including a motion to dismiss the entire bankruptcy and a Rule 9019 settlement motion.  Those forthcoming decisions on fully submitted motions could affect this action, including identifying which parties are charged with pursuing which claims.  Nor is such a request unusual in cases like this one that involve a multitude of interrelated actions.  Such sequencing of decisions and actions serves both the public interest in judicial economy and of course the parties' own economic interests – especially the debtor, whose resources are laid bare in this bankruptcy proceeding and have indisputably been exhausted.

Dellaportas' argument that Orly's claims against him could be segregated out from the rest on the ground that the forthcoming decisions will not affect those claims is beside the point.  As a matter of orderly process, the action should proceed in its entirety on the same schedule.  No party – not even Dellaportas – has made an application to sever the action or otherwise followed proper procedure to begin discovery separately from all the other parties.

Nor did Orly "default" on discovery or Dellaportas' discovery letter.  As noted above, his discovery demands and demand to meet and confer are a legal nullity under Rule 26(d) because no discovery conference has been held.  Nor has any party even sought to schedule such a conference, which is understandable in light of the pending joint motion for a temporary stay.

4

Finally, there is no question that Orly filed the action to vindicate legitimate legal claims. Dellaportas says nothing about this in his opposition. He did not seek a dismissal of her complaint, but filed his answer and seeks discovery. He also does not dispute, because he cannot, that Orly's claim is bolstered by the fact the Israeli courts granted judgment in her favor after trial on her tort claims against another participant in the same scheme, the private investigator. She cites specific conduct by Dellaportas in her complaint, including his issuance of a pretextual U.S. subpoena to the investigator, even though he did not disclose that subpoena in the bankruptcy proceeding. Mot. at 9-13.

Dellaportas' mere say-so that Orly's claims are a "sham" is not enough to meet the sham exception requirement, as Orly pointed out in her motion. Mot. at 11-12. Yet again, Dellaportas just ignores this case law and makes no attempt to distinguish it or offer any authority to the contrary.

Where, as here, there is no basis to conclude that the underlying action was mere pretense or that the plaintiff had no intent to prosecute the action, courts routinely hold the sham exception does not apply and dismiss on grounds of the absolute litigation privilege. *See* Mot. at 14, citing *Peters v. Coutsodontis*, 155 A.D.3d 540, 541 (1st Dep't 2017) ("There are no facts alleged supporting a conclusion that the instant litigation is 'a sham action brought solely to defame,' which would otherwise destroy the privilege"); *Peck v. Peck*, 180 A.D.3d 558, 559 (1st Dep't 2020) ("Nor is this a case in which the underlying lawsuit was a sham action brought solely to defame defendant."); *Ivancev v. Garrido*, 184 A.D.3d 422, 423 (1st Dep't 2020) ("Contrary to plaintiff's argument, his defamation claim is barred by the absolute litigation privilege and there is no evidence that the family offense proceedings were sham actions brought solely to defame him."); *accord Pezhman v. Chanel*, 157 A.D.3d 417, 418 (1st Dep't 2018).

Dellaportas does not even try to distinguish all of this case law – all of which supports dismissal here with prejudice.

## II. DELLAPORTAS' TORTIOUS INTERFERENCE CLAIM ALSO FAILS

For the same reason, the absolute litigation privilege bars Dellaportas' tortious interference claim. Where, as here, the tortious interference claim is based on the same alleged facts as the defamation claim, both are barred by the absolute privilege. Mot. at 14-15, citing *Deaton v. Napoli*, 2019 WL 4736722, at *8–10 (E.D.N.Y. Sept. 27, 2019) (dismissing tortious interference claim as duplicative of the defamation claim barred by litigation privilege because "it is well settled that a claim for tortious interference is duplicative of a defamation claim ... where the entire injury complained of by plaintiff flows from the effect on his reputation"); *ExpertConnect, LLC v. Fowler*, 2020 WL 3961004, at *5 (S.D.N.Y. July 13, 2020) ("litigation privilege can bar a tortious interference claim"); *Hadar v. Pierce*, 974 N.Y.S.2d 399, 401 (1st Dep't 2013) ("judicial proceedings privilege applies to causes of action other than defamation") (citing cases).

Dellaportas nowhere disputes this case law or disputes that his tortious interference claim turns on the same allegations underlying his libel cause of action. See Mot. at 15.

In addition to being barred by the litigation privilege, Dellaportas concedes that he has not and cannot plead any interference sufficient to meet the elements of this cause of action. He admits, again by what he fails to address in his opposition, that he has not been disqualified from representing his clients and that he continues his business relationship with them. See Mot. at 16, citing, among other cases, *Black v. Ganieva*, 2022 WL 2354916, at *12 (S.D.N.Y. June 30, 2022) (no interference with attorney-client relationship where plaintiff did not allege how "mere pleading of such claims would inexorably force [attorney's] withdrawal or rupture its

6

representation of [client]"). Because he has not withdrawn as counsel, his vague claim that he now has some kind of conflict that disrupted his relationship with clients cannot be credited on this motion. Likewise, his claim that he turned over his role as "lead counsel" in this bankruptcy-related action to a bankruptcy lawyer with his own firm is meaningless. The docket for this adversary action does not reflect that. And even if it did, that change in title between partners with different specialties in the same law firm does not show some disruption of his relationship with his clients that could warrant a tort claim, much less show damages.

In addition, he ignores the fact that he cannot show that Orly's conduct that allegedly interfered with this client relationship was done out of malice or through improper means. *See* Mot. at 16-17. As shown in Orly's motion, her complaint sets forth a good faith basis for her tort claims against Dellaportas. That complaint cites a prior adjudication by another court holding Dellaportas' cohort liable to Orly and objective facts about Dellaportas' conduct that shows his knowing participation in that cohort's wrongdoing, including issuing a pretextual and concealed U.S. subpoena that, even he does not dispute, was not disclosed to the U.S. parties. Courts routinely dismiss tortious interference claims in cases like this one, where, as here, malice and wrongful means are pleaded in conclusory terms that are belied by other uncontested facts. *See, e.g., Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp. 3d 436, 451-52 (S.D.N.Y. 2014) (dismissing tortious interference claim because the pleading failed to plead "wrongful means" or malice other than in conclusory terms and other facts showed defendant had arguably good faith basis for pursuing its legal claims).

Again, Dellaportas ignores this case law.

7

### III.  DISMISSAL MUST BE WITH PREJUDICE

Because Dellaportas ignores the controlling authorities and makes no effort to show that he has any facts that could compel an outcome other than dismissal, the dismissal here should be with prejudice.  He fails even to recognize the import of the legal doctrines that prevent his counterclaims, much less show that he has any good faith basis to allege some fact that would alter the application of the controlling legal privileges and doctrines here.

### CONCLUSION

For the reasons stated above and in Orly's initial brief, her motion to dismiss the counter-claims should be granted in its entirety and the dismissal should be with prejudice.

Dated: New York, New York
       November 29, 2022

                                       **GLENN AGRE BERGMAN & FUENTES LLP**

                                       By:  */s/ Michael Paul Bowen*
                                       Michael Paul Bowen (mbowen@glennagre.com)
                                       1185 Avenue of the Americas, 22nd Floor
                                       New York, New York 10036
                                       Tel: (212) 358-5600

                                       *Attorneys for Plaintiff Orly Genger*